NEW CREATION FELLOWSHIP OF BUFFALO, Stephen J. Andzel, Pastor and Stephen L. Grant, Administrator Plaintiffs–Appellants,

v.

TOWN OF CHEEKTOWAGA, Board of Assessment Review, William R. Conway, Assessor of the Town of Cheektowaga, New York, Ronald Marten, Building Inspector Supervisor and Daniel Ulatowski, Building Inspector, in their official and individual capacities, Defendants–Appellees.

No. 05–0159–CV.

United States Court of Appeals, Second Circuit.

Dec. 6, 2005.

Brian W. Raum, Law Offices of Brian W. Raum, P.C., New York, NY, for Plaintiffs–Appellants.

Brian A. Birenbach, Damon & Morey LLP, Buffalo, NY, for Defendants–Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon.

RICHARD K. EATON, Judge.[*]

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 6th day of December, Two thousand and five.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Western District of New York (Arcara, J.) is **AFFIRMED**.

Plaintiffs-appellees New Creation Fellowship of Buffalo, Stephen J. Andzel, and Stephen L. Grant (collectively, "the Fellowship") appeal from a judgment granting defendants-appellees Town of Cheektowaga, Board of Assessment Review, William R. Conway, Ronald Marten, and Daniel Ulatowski's (collectively, "the Town") motion for summary judgment as to the Fellowship's claims that the Town violated its First and Fourteenth Amendment rights, and dismissing the Fellowship's state law claims. We assume the parties' familiarity with the facts in this case, its procedural history, and the issues on appeal.

As the party invoking federal jurisdiction, the Fellowship bears the burden of proving Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To meet this burden, the Fellowship must show, *inter alia*, that it has suffered an injury in the form of "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Id.* at 560, 112 S.Ct. 2130 (internal citations and quotations marks omit-

ted). To survive the Town's summary judgment motion, the Fellowship must submit affidavits or other evidence proving that it suffered an injury-in-fact. *Id.* at 563, 112 S.Ct. 2130.

The Fellowship has failed to proffer any admissible evidence showing that it has suffered an injury of constitutional proportions. The Fellowship alleges that the Town's refusal in 1998 and 1999 to grant tax-exempt status to all of the Fellowship's land and the Town's enforcement of a tree preservation ordinance—which included three visits by Town representatives to the Fellowship's church building—had a chilling effect on the Fellowship's First Amendment rights and gave rise to fear and anxiety among Church members. The Fellowship has not provided any evidence, however, that its First Amendment rights to free expression, association, or religious exercise were inhibited by the Town's actions. *See Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1061 (2d Cir.1991) (holding that to establish a First Amendment injury for standing purposes, "a plaintiff must proffer some objective evidence to substantiate his claim that the challenged conduct has deterred him from engaging in protected activity").

■ Neither Andzel nor Grant asserted that their ability to perform their duties was impaired as a result of the Town's conduct, and the Fellowship did not present any evidence showing that a Fellowship member felt threatened or was in any way deterred from participating in Fellowship activities as a result of the Town's conduct. Nor is there any suggestion in the record that the Town's initial refusal to grant tax-exempt status and its persistent attempts to enforce the tree preservation

[*] The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

ordinance on the lot adjacent to the Fellowship's church building impaired the Fellowship's ability to pursue religious and other activities on that land: The Town approved the Fellowship's development plans for the lot, and Andzel and the Fellowship's attorney both testified that despite the disputes over tax status and tree preservation, the Fellowship had used, and would continue to use, the lot for outdoor prayer and revival services, church picnics, bible lessons, recreation, and parking. Finally, the Fellowship did not show that it was ever required to pay taxes on the lot adjacent to its church, and it did not allege or introduce any evidence suggesting that its tax dispute with the Town caused a significant diversion of financial or organizational resources from church activities or that the religious functions of church leaders were diluted by the tax exemption application process and related litigation. Thus, the totality of the admissible evidence in the record indicates that at most the Town's conduct resulted in minor inconveniences to the Fellowship insufficient to satisfy the injury-in-fact requirement for Article III standing. *See Ingraham v. Wright,* 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.").

■ The Fellowship has also failed to introduce evidence of an injury sufficient to withstand the Town's summary judgment motion as to its Equal Protection claim. The Fellowship alleges that the Town violated its Fourteenth Amendment rights by enforcing selectively the tree preservation ordinance. The Fellowship has not introduced any evidence to suggest that the Town did not enforce this ordinance against other Cheektowaga residents or to refute testimony by the Town's Building Inspector that in the five years preceding the charges filed against the Fellowship, the Town had filed charges against "half a dozen" other Town residents for violations of the tree preservation ordinance. The Fellowship also alleges that the Town violated its Fourteenth Amendment rights by "foster[ing] a climate of hostility within the local community against the Church." Although the Fellowship alleges that some residents of Cheektowaga behaved in racist ways toward the Fellowship, it has not presented any admissible evidence to suggest that the Town is responsible for these alleged hostile acts. *See Ciambriello v. County of Nassau,* 292 F.3d 307, 323 (2d Cir.2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (citation and internal quotation marks omitted)). In the absence of any admissible evidence suggesting that the Fellowship suffered an injury cognizable under the Fourteenth Amendment, we find that the Fellowship has failed to establish Article III standing.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.